UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIEN BORDE,

(individually and d/b/a "WE ARE FUTURE"),

Pro Se and Plaintiff

v.

MICROSOFT CORPORATION REDMOND

Defendant.

Case No: 2:26-cv-01221-KKE

**MASTER COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**
1. DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
2. MISAPPROPRIATION OF TRADE SECRETS (Defend Trade Secrets Act, 18 U.S.C. § 1836)
3. CORRECTION OF INVENTORSHIP (35 U.S.C. § 256)
4. FALSE DESIGNATION OF ORIGIN / REVERSE PASSING OFF (Lanham Act, 15 U.S.C. § 1125(a))
5. UNFAIR COMPETITION UNDER WASHINGTON STATE LAW (RCW 19.86)
6. CONTRIBUTORY AND VICARIOUS INFRINGEMENT
7. UNJUST ENRICHMENT & CONSTRUCTIVE TRUST

**JURY TRIAL DEMANDED**

## I. PRELIMINARY STATEMENT & PROCEDURAL HISTORY

1.      Nature of the Action (Transfer from State Court): This Complaint is filed as the direct procedural continuation of the action previously brought before the King County Superior Court (Borde v. Microsoft, Case No. 24-2-23088-2 SEA).

On January 20, 2026, the Honorable Judge Haydee Vargas issued an Order dismissing the state action explicitly ruling that Plaintiff Julien Borde's claims regarding the massive and unauthorized infringement

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tel +33.7.44.15.61.87   julienborde3d@hotmail.fr

1

(protecting his high-tech R&D, technical documentation, and architectural innovations under the Berne Convention and APP/WIPO), along with questions regarding the correction of inventorship on Defendant Microsoft's technological patents, exceeded the jurisdiction of the State Court and are exclusively within the purview of the Federal Judiciary.

2.    Defendant's Concession to Federal Jurisdiction: Furthermore, during the State Court proceedings, Defendant Microsoft's own legal counsel explicitly argued and conceded that the scope of this dispute —involving international intellectual property theft, federal anti-counterfeiting enforcement, and potential corporate criminal misappropriation of trade secrets—mandated a Federal forum. By actively seeking the dismissal of the State action on jurisdictional grounds, Defendant has legally conceded that this United States District Court is the sole proper venue to adjudicate these massive federal infractions.

3.    Application of Equitable Tolling & Continuing Infringement: Plaintiff has exercised continuous and unwavering diligence in protecting his intellectual property rights since the discovery of the infringement. Prior to filing in United States courts, Plaintiff actively initiated legal processes and law enforcement reports in France. However, Defendant's French legal counsel (De Gaulle Fleurance & Associés and Momentum Avocats) entered a state of default, failing to comply with standard legal management obligations. Consequently, French jurisdictions ultimately determined a lack of territorial competence.

These systemic jurisdictional barriers, combined with Defendant's deliberate evasion tactics internationally, justify the strict application of the Equitable Tolling doctrine regarding any statute of limitations. Furthermore, Defendant's infringement is not a static, historical event, but an ongoing, expanding enterprise. In 2025 and 2026, Defendant executed new, distinct acts of infringement by expanding the misappropriated architecture into new markets. This includes the military sector expansion via Anduril Industries and the consumer market integration via Meta Platforms, Inc. (Meta Quest 3S / Xbox Cloud Gaming). These recent commercializations constitute continuous and independent violations, thereby resetting the statute of limitations under the Continuing Infringement Doctrine.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

2

4.    Judicial Contact for Verification: To facilitate the verification of the prior procedural record, the contact information for the State Court is as follows: Judge: Hon. Haydee Vargas

Email: vargas.court@kingcounty.gov

Phone: (206) 477-1397

Address: King County Superior Court,

516 3rd Ave, Room C-203, Seattle, WA 98104.

5.    Identification of Defendant's Counsel: Defendant Microsoft Corporation is already fully aware of this dispute and was represented in the State Court proceedings by Morgan,  Lewis  & Bockius LLP, specifically Ms. Molly A. Terwilliger (WSBA #28449). As such, Defendant possesses full prior knowledge of the facts and evidence alleged herein.

6.    Request for Remote Participation (International Pro Se Litigant): Plaintiff is a resident  of France and proceeds Pro Se. Given the international distance, Plaintiff intends to formally request  the Court's indulgence to conduct pre-trial conferences, status hearings, and non-dispositive  motion arguments via remote video platform, while committing to physical presence in Seattle for the final Jury Trial.

## II.    THE PARTIES

7.    Plaintiff: Julien Borde is an individual, an independent inventor, and a citizen of the Republic of France. He is the sole author and owner of the high-tech R&D documentation, architectural designs, designs, and the foundational book "WE ARE FUTURE," protected under the Berne Convention and registered with the APP/WIPO (IDDN Geneva).  As a "non-United States work" originating in France, this work is fully and automatically protected in the United States under the Berne Convention for the Protection of Literary and Artistic Works. Pursuant to 17 U.S.C. § 104(b) and the explicit exemptions for foreign works under 17 U.S.C. § 411(a), Plaintiff enjoys full federal copyright protection and absolute standing to sue for infringement in this Court without the prerequisite of formal registration with the U.S. Copyright Office. Furthermore, the intellectual property is formally registered with the Agency for the Protection of Programs

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87    julienborde3d@hotmail.fr

3

(APP) and the World Intellectual Property Organization (WIPO), establishing an immutable, internationally recognized date of prior art since 2012.

8.    Defendant: Microsoft Corporation is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, King County, Washington 98052.Microsoft is a global technology company involved in the development and commercialization of the HoloLens  headset, mixte reality hedaset, IVAS us military headset, and recent Windows/Xbox AR/VR partnerships.

### III. JURISDICTION AND VENUE

9.    Subject Matter Jurisdiction: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1338, as this case arises under the Copyright Act of the United States (17 U.S.C. § 101 et seq.), the Defend Trade Secrets Act (18 U.S.C. § 1836) and Trade Secrets Act (18 U.S.C. § 1836) and involves the correction of inventorship on technological patents under the Patent Act (35 U.S.C. § 1 et seq.).

Furthermore, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2) (Diversity of Citizenship), as the in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between a citizen of a foreign state (Plaintiff) and a citizen of a State of the United States (Defendant).

10.    Personal Jurisdiction: This Court has personal jurisdiction over Defendant Microsoft Corporation because its principal place of business and global headquarters are located in Redmond, Washington, within this Judicial District. Defendant purposefully avails itself of the privilege of conducting business within this District and the State of Washington.

11.    Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant resides in this District. Venue is also proper under 28 U.S.C. § 1400(a) (Copyright) and § 1400(b) (Patents), as the Defendant may be found in this District and a substantial part of the events or omissions giving rise to the claims occurred at Defendant's headquarters in Redmond, Washington.

### IV. TABLE OF EXHIBITS (MEMO OF EVIDENCE)

Plaintiff supports this Complaint with the following attached evidentiary exhibits, specifically cited throughout the Detailed Statement of Facts to substantiate each claim:

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

4

EXHIBIT A: ORDER OF DISMISSAL (King County)

- Certified case document from King County Superior Court Case No. 24-2-23088-2 SEA,

Order dated january 20, 2026, issued by the Hon. Judge establishing exhaustion of State remedies.

EXHIBIT B: PROOF OF PRIORITY & COPYRIGHT (APP/WIPO)

- Certified digital evidence and escrow certificates establishing Plaintiff's undeniable anteriority dating back

to 2012. This includes a comprehensive verification and copyright validation report issued by Sworn Expert

Agent Olivier Clef of the Agency for the Protection of Programs (APP), an organization officially

approved by the World Intellectual Property Organization (WIPO/OMPI).

The exhibit features cryptographic MD5 signature validation, atomic clock certified proof of anteriority,

and the official WIPO International IDDN certification from Geneva, provided in both French and English.

(original WIPO/OMPI documents links, case story details) : for information and full understanding, please

refer to EXHIBIT H : Legal memorandum full complete pro analysis prepared by IP Specialist Attorney

Group CIRCLE LAW (Edmond Tahar) demonstrating the infringement step-by-step with visual,

video and document link references.).

EXHIBIT C: FORENSIC VIDEO EVIDENCE

- A complete 30-minute English-language video documentary detailing the comprehensive history

of the case. This includes documented exchanges between Plaintiff and Microsoft's senior management over a

period of at least six months, alongside 30 specific, irrefutable pieces of visual evidence

demonstrating the 1:1 replication and fully proven infringement of Plaintiff's files.

The Court is respectfully directed to EXHIBIT H for the complete step-by-step forensic visual breakdown

and legal analysis of this video.

CRITICAL NOTE:

This video must be reviewed in direct conjunction with EXHIBIT H, which serves as

the exhaustive legal memorandum and complete step-by-step written breakdown of this documentary.

EXHIBIT D: PROOF OF SERVICE & GLOBAL BAD FAITH (DEFAULT POSTURE)

Official, standalone records demonstrating a global pattern of evasion and a default posture by Defendant.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

5

This specific exhibit extracts and highlights the proof of formal service handled (Commissioner of Justice Géraldine Larapidie) upon Microsoft's French legal counsel by French Bailiff (De Gaulle Fleurance & Associés / Momentum Avocat, Jean-Sébastien Mariez) who abnormally refused to respond, creating a situation of default. It also includes the direct service upon Defendant's Registered Agent and Hossein Nowbar (Chief Legal Officer) via ABC Legal.

NOTE: The authenticity of these specific service records is fully corroborated and legally sealed within the certified Court documents presented in EXHIBITS F and G.

EXHIBIT E: SWORN DECLARATION TO HON. JUDGE VARGAS

- Plaintiff's comprehensive sworn declaration. This document formally records Plaintiff's consistent demands for Co-Inventorship, Damages, and a 1% Running Royalty. Crucially, it officially notifies the Court of new supplemental ongoing infringements that emerged during the 2025 litigation period: the Microsoft and Meta partnership to build and commercialize the "Meta Quest 3S Windows Xbox" AR/VR headset and specific related applications (such as the Meta Boxing Game app).

(Please see full detail Section VII. PRAYER FOR RELIEF).

Because these are recent 2025 developments, they are exceptionally not featured in the Exhibit C Video or the Exhibit H Legal Memorandum.

However, this expansion into the consumer/public gaming sector was strictly targeted and fully documented in Plaintiff's original 2013-2014 "XBAG", "Xglasses" (Xbox glasses), and "AR Windows" presentation sent to Microsoft, thereby directly supporting the allegations in Chapter VIII of this Complaint.

Furthermore, this declaration serves as Plaintiff's formal testimony expressing profound exasperation and legally denouncing the calculated evasion and bad faith of Microsoft's French legal counsel.

EXHIBIT F: CERTIFIED OMNIBUS OPPOSITION & CROSS-MOTION

- Certified case document from King County Superior Court Case No. 24-2-23088-2 SEA (Certified Feb 06, 2026, Serial ID: 26-030139-13977786P1F).

This is Plaintiff's formally filed "OMNIBUS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tel +33.7.44.15.61.87   julienborde3d@hotmail.fr

6

AND CROSS-MOTION FOR REFERRAL TO FEDERAL AUTHORITIES" dated January 12, 2026.

It provides irrefutable written evidence supporting Plaintiff's core architectural claims, patent infringement

mappings, and formal requests for CBP/DHS intervention.

EXHIBIT G: CERTIFIED NOTICE OF SUPPLEMENTAL DIGITAL EVIDENCE

- Certified case document from King County Superior Court Case No. 24-2-23088-2 SEA

(Certified Feb 06, 2026, Serial ID: 26-030139-1397778711N).

This is Plaintiff's formally filed "NOTICE OF SUPPLEMENTAL DIGITAL EVIDENCE AND DIRECT

LINKS FOR COURT AND COUNSEL REVIEW" dated January 12, 2026.

It formally records the secure, direct hyperlinks to the WIPO Sworn Agent reports, forensic video

analysis, and Bailiff service records into the judicial docket, legally neutralizing any bad-faith claims by

Defendant that the evidence is "unparseable".

EXHIBIT H: THE LEGAL MEMORANDUM OPPOSITION

(THE "COMPLETE BOOK" & VISUAL ANALYSIS)

- The definitive Legal Memorandum prepared by IP Specialist Attorney Group CIRCLE LAW

(Edmond Tahar) full professional analysis demonstrating the infringement step-by-step with

visual video and document link references.

This comprehensive master document serves as the written foundation of the case. It provides a full,

step-by-step forensic visual comparative analysis of all 30 irrefutable proofs of infringement seen in Exhibit C.

Furthermore, it contains the fully detailed history of email exchanges with Microsoft's senior management,

alongside all foundational elements of the initial complaint, integrating the FBI IPR web submission

ticket, this is the master piece because all event are note inside during full period.

EXHIBIT I: EXHAUSTION OF CRIMINAL &

ADMINISTRATIVE REMEDIES (LAW ENFORCEMENT RECORDS)

- Comprehensive evidentiary log demonstrating Plaintiff's relentless, multi-year exhaustion of international,

local, and federal law enforcement reporting channels or (*)high judicial french and usa directions chief

executant report testimonial of the plaintiff by postal for information.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

7

This exhibit aggregates official investigation tracking numbers from the French authorities

(BDRP Paris 15: No. P161-11-000-466, 2013/19009, 2014/784), 2016,2019, 2021,2022,2024, 02/15/2024

n°01890/2024002470) and the Redmond Police Department (Nos. 2015/18506, 2019/12397, 2019/12402)

and lot of (*)high judicial french and usa directions chief executant report testimonial of the plaintiff

by postal for information.

Crucially, it includes documented electronic and physical escalations (including USB drive submissions)

to the FBI Intellectual Property Rights Center (DHS) referencing multiple web submissions in 2021-2022.

Furthermore, it contains official written correspondence from both the French Police

(Officer Jean-Noël Doussinaud) and the King County Sheriff's Office (KCSO Records, Hannah Shea),

explicitly directing Plaintiff to initiate proceedings at the King County Superior Court.

This establishes Plaintiff's absolute good faith in his initial venue selection, definitively neutralizes any

bad-faith allegations or equitable defense of laches by Defendant, and confirms Plaintiff's documented pursuit

of justice against corporate misappropriation.

EXHIBIT J: MASTER INDEX OF DIGITAL EVIDENCE

- A consolidated directory memo containing all active hyperlinks and digital references cited in this matter.

The presence of all documents that require hyperlinks, video links, or at least as many as possible to help the

judge quickly locate a document for analysis is essential.

EXHIBIT K: MASTER EVIDENCE LOG

OF GLOBAL INDUSTRIAL EXPLOITATION & UNJUST ENRICHMENT

- this exhibit countain with meticulously details 135 irrefutable , documented instances of global industrial

exploitation, the actual number of participating sovereign and corporate entities is reasonably estimated to

exceed 300. In exhibit K is note 135 forbes industrial group the most famous the most interesting.

**V. DETAILED STATEMENT OF FACTS**

12.   CHAPTER I: EVIDENCE OF GLOBAL BAD FAITH & MISREPRESENTATION

Defendant has engaged in an international pattern of bad faith regarding service of process and legal usa

engagement (case number 24-2-23088-2 SEA). Initially, Defendant's French counsel (De Gaulle Fleurance

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

8

& Associés and Momentum Avocat / Jean-Sébastien Mariez) abnormally and unlawfully refused to respond to formal service handled by a Parisian Bailiff (Commissioner of Justice Géraldine Larapidie).Defendants never respond anormaly and let in default without one answer, one message even short by written (as urgent asked and perfectly formulate in agree with law) to Honorable Judge Haydee Vargas and USA King County Superior Court of Justice.

Consequently, Plaintiff and the State Court directly escalated the matter to the United States. Despite being subsequently served personally via ABC Legal, Microsoft Corp (via Chief Legal Officer Hossein Nowbar) continued this pattern of willful blindness (See EXHIBIT D).

13.    CHAPTER II: THE NATURE OF THE COPYRIGHTED WORKS AND MASSIVE INDUSTRIAL EXPLOITATION

Plaintiff's work consists of a comprehensive 170-page dossier titled "WE ARE FUTURE," which is under international copyright protection (APP/WIPO).This document contains not only detailed technical documentation but also a visionary deployment strategy defining specific use-cases for distinct industrial and professional categories. To illustrate these applications, the dossier directly cited major corporate groups (including Fortune 500/Forbes entities).

The massive scale of the infringement (full technical documentation of mister Borde 100% full counterfeit with 30 proof evidences) is demonstrated by the fact that Defendant meticulously followed this strategic roadmap. It is publicly established that Microsoft deployed the HoloLens, Mixed Reality, and IVAS ecosystems by perfectly targeting and partnering with approximately 50 to 60% of the exact industrial sectors and specific groups previously announced and illustrated in Plaintiff's dossier.

These infringed sectors and use-cases include, but are not limited to: Automotive & Transport: Ford, General Motors, Renault, Nissan, Tesla, Suzuki, Yamaha, Mercedes, BMW, Volkswagen, RATP France.

Aeronautics: Dassault, Airbus, Boeing, Japan Airlines, Military China Aeronautic Team.

Aerospace: NASA, SpaceX.

AR/VR & Electronic Big Industries: Acer, Asus, Lenovo, Dell, Samsung, HP.

Electronic Home Apparel: LG, Siemens.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

9

Supermarkets & Retail: Walmart, Auchan.

Luxury: L'Oréal, Rolex.

Software Developer Partners: Unreal Engine, Nvidia, Autodesk, Dassault Systems, Boeing.

Architecture & Construction: Eiffage Construction, as well as USA and European architect urbanists utilizing specialized HoloLens frameworks.

Naval & Nuclear: Naval Group Studio.

Medical: Expert USA jury of radiology and surgery medical teams.

(See EXHIBIT B and EXHIBIT F and Exhibit K).

For an exhaustive and documented list demonstrating the massive scale of this exploitation and Defendant's strategic mimicry, the Court is expressly directed to EXHIBIT K (Master Evidence Log of Global Industrial Exploitation), which details these 135 instances.

14.    CHAPTER III: CORE ARCHITECTURE IDENTITY

The "Tethered Compute" Architecture (XBAG vs. IVAS):

Plaintiff described the "XBAG" or "Backpack PC" in 2012. Microsoft adopted this exact architecture for the IVAS "Compute Pack" for the U.S. Army.

(See EXHIBIT C and EXHIBIT H).

SPATIAL MAPPING: Plaintiff described "Rapid Identification of Areas." Microsoft implemented this as "Spatial Mapping" (US Patent 10,547,974). (See EXHIBIT C and EXHIBIT H).

15.    CHAPTER IV: FORENSIC PATENT ANALYSIS

The "Finger Mouse" & Hand Tracking: In 2012, Plaintiff described "Windows Screen Hand Control. " Microsoft subsequently filed US Patent 9,606,629. The "Air Tap" is a direct copy.

(See EXHIBIT C and EXHIBIT H).

The "Dead Bot": Plaintiff described avatars based on deceased personalities. Microsoft patented this exact concept (US Patent 11,675,996). This analysis is fully detailed by Circle Law.

(See EXHIBIT C and EXHIBIT H).

16.    CHAPTER V: THE "OEM STRATEGY" & INDUSTRIAL PARTNERSHIPS Plaintiff proposed

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tel +33.7.44.15.61.87   julienborde3d@hotmail.fr

10

a "Windows AR Licensing Model." Microsoft executed this exact strategy with Acer, Asus, Dell, HP, Lenovo, and Samsung, engaging in Unfair Competition and False Designation of Origin.

(See EXHIBIT C and EXHIBIT H).

17. CHAPTER VI: VISUAL EVIDENCE OF INDUSTRIAL INFRINGEMENT

The Automotive Scenario: Plaintiff depicted a "Virtual Garage." Microsoft commercialized this to Renault, Ford, and Tesla. They used autodesk industrial software partners for this and it was note in documents of Mister Borde We are future (counterfeit proof evidence is etablish).

(See EXHIBIT C and EXHIBIT H).

The Astronaut Scenario: Plaintiff depicted a 3D Holographic Astronaut. Microsoft released "Project OnSight".

(See EXHIBIT C and EXHIBIT H).

18. CHAPTER VII: SPECIFIC SOFTWARE INFRINGEMENT (ACTIONGRAM)

The Holo-Dog: Plaintiff described a "Virtual Pet Dog"; Microsoft released "Actiongram" with an identical holographic dog.

(See EXHIBIT C and EXHIBIT H).

19.    CHAPTER VIII: SUPPLEMENTAL EVIDENCE - THE META-XBOX STRATEGY Cloud XBAG:

The new "Meta Quest 3S Xbox Edition" relies on offloading computing power to the Cloud, the exact architectural principle of Plaintiff's "XBAG."

(See EXHIBIT C and EXHIBIT H and EXHIBIT E).

20.    GENERAL FACTUAL ALLEGATIONS

Creation and Protection: Starting in 2012, Plaintiff developed a revolutionary AR/VR ecosystem, including "AR Windows," "XBAG," and "Xglasses" (Xbox glasses).

This work was meticulously documented and secured through international copyright filings (Exhibit B).

Access and Disclosure: In 2013 and 2014, Plaintiff engaged in extensive technical exchanges with Microsoft's senior management for over six months. During this period, Plaintiff provided full access to his proprietary strategy and technical documentation

(Exhibit C & H).

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].          11          Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

Misappropriation: Despite these disclosures, Defendant launched the HoloLens and IVAS products incorporating Plaintiff's core architectural innovations without authorization, credit, or compensation.

Ongoing Infringement (2025): While the state court proceedings were pending, Defendant expanded its infringement by partnering with Meta to launch the "Meta Quest 3S Windows Xbox" and associated applications, directly duplicating concepts originally proposed by Plaintiff in his 2013 "XBAG" presentation (Exhibit E).

21.    CHAPTER IX: MILITARY SIMULATION (IVAS)

Mixed Reality Combat: Microsoft monetized Plaintiff's "Real-Time Combat" scenarios in the $22 Billion IVAS contract (SiVT) for the U.S. Army.

(See EXHIBIT C and EXHIBIT H).

22.    CHAPTER X: DEFENDANT'S WILLFUL BLINDNESS

Defendants feigned ignorance of the evidence in State Court, constituting willful blindness, a fact extensively documented in Plaintiff's legal opposition

(See EXHIBIT H).

23.    CHAPTER XI: REQUEST FOR INDEPENDENT TECHNICAL AUDIT

Plaintiff requests an Independent Technical Inspection to compare the "WE ARE FUTURE Mr Borde Scenarios" with Microsoft's IVAS/HoloLens frameworks.

24.    CHAPTER XII: LEGAL PRECEDENT - ZENIMAX V. OCULUS

Plaintiff invokes ZeniMax Media Inc. v. Oculus VR, LLC to support massive damages for misappropriated technical documentation and non-disclosure breaches.

25.    CHAPTER XIII: FACTUAL BACKGROUND - THE "CYBER THIEF" OPERATION

The sheer scale of Defendant's misappropriation intersects with federal criminal intellectual property protections. Plaintiff has formally documented these severe infractions through IPR reporting to the FBI

(See EXHIBIT I and EXHIBIT E (declaration to HON Judge Haydee Vargas  2025).

26.    CHAPTER XIV: ARGUMENT - JURISDICTION

Fraud & Deceit: Microsoft obtained Plaintiff's know-how through deceptive negotiations, elevating the

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

12

claims to federal Trade Secret misappropriation.

27.    CHAPTER XV: DEFENSE OF JUDICIAL COMPETENCE

The immense volume of evidence proves the scale of the corporate theft, not the confusion of the Plaintiff.

28.    CHAPTER XVI: INVOLVEMENT OF MICROSOFT LEADERSHIP

This case has been formally brought to the attention of Microsoft's Chief Legal Officer, Hossein Nowbar, establishing executive knowledge of the infringement

(See EXHIBIT D).

29.    CHAPTER XVII: SUPPLEMENTAL PATENT EVIDENCE

Plaintiff submits a detailed Patent Comparison Chart (Microsoft vs. 2012 Priority Documents) fully integrated into the IP Attorney analysis

(See EXHIBIT H).

30.    CHAPTER XVIII: CONCLUSION OF FACTS

Plaintiff has provided irrefutable proof of Access, Copying, and Willful Misconduct.

31.    CHAPTER XIX: THE EVIDENCE MATRIX

(DIRECT ARCHITECTURAL MISAPPROPRIATION)

Standard of Plausibility: To satisfy the Twombly/Iqbal pleading standard, Plaintiff provides the following direct, one-to-one forensic mappings between the 2012 registered "WE ARE FUTURE" dossier and Defendant's subsequent patents and commercial products.

This matrix demonstrates that Defendant's technological leap was not independent innovation, but a direct implementation of Plaintiff's submitted architecture.

Misappropriation Instance 1: Spatial Mapping and Environmental Understanding:

Plaintiff's Prior Art (2012): The R&D dossier explicitly details the method for real-time 3D scanning, environment meshing, and the integration of physical constraints into a mixed reality overlay using external sensors.

Defendant's Infringing Implementation: Defendant utilized this exact methodology as the core foundation for US Patent 10,547,974 (Spatial Mapping) and the foundational room-scanning capabilities

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

13

of the HoloLens and IVAS devices.

The Nexus: The sequence of environmental rendering described in Defendant's patent directly mirrors the operational flowcharts provided in Plaintiff's 2012 submission.

Misappropriation Instance 2: Gesture Interface ("Hand Control" / Air Tap): Plaintiff's Prior Art (2012): The dossier introduces a completely controller-free, hand-tracking interface paradigm, specifying pinch-and-release mechanisms for interacting with holographic interfaces.

Defendant's Infringing Implementation: Defendant patented this identical interaction model under US Patent 9,606,629 (Hand Gesture Control), universally commercialized as the "Air Tap" gesture in the HoloLens ecosystem.

The Nexus: The biomechanical parameters and user interface feedback loops claimed by Defendant are virtually identical to the specifications detailed by Plaintiff years prior.

Misappropriation Instance 3: Tethered Compute Architecture (XBAG / Compute Pack): Plaintiff's Prior Art (2012): Recognizing the thermal and processing limitations of head-mounted displays, Plaintiff engineered the "XBAG" concept—a wearable, tethered computing module designed to offload heavy processing from the headset, enabling military and heavy-industry applications.

Defendant's Infringing Implementation: Defendant bypassed standalone limitations by adopting this exact tethered architecture for the U.S. Army's Integrated Visual Augmentation System (IVAS), naming it the "Compute Pack.

" The Nexus: The physical distribution of processing power (Headset + Cable + Wearable Compute Unit) is a direct replication of Plaintiff's structural blueprint.

Misappropriation Instance 4: Holographic AI Integration (The "Dead Bot"): Plaintiff's Prior Art (2012): The dossier outlines the integration of artificial intelligence avatars capable of interacting spatially with the user, including the conceptualization of AI representing deceased or historical figures for educational and social purposes.

Defendant's Infringing Implementation: Defendant subsequently filed US Patent 11,675,996 (Creating a conversational chatbot of a specific person) and US Patent 10,089,072

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

14

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tᴇʟ +33.7.44.15.61.87   julienborde3d@hotmail.fr

(Digital Assistant in Mixed Reality).

The Nexus: Defendant's patents claim the specific conversational and spatial AI parameters originally codified in Plaintiff's submission.

## VI. CAUSES OF ACTION

COUNT I: DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 & Berne Convention)

32.    Plaintiff incorporates by reference all preceding paragraphs. Plaintiff holds valid priority rights over the "We Are Future" architecture. Plaintiff is the sole author and legal owner of the registered "WE ARE FUTURE" R&D dossier, fully protected in the United States under the Berne Convention and 17 U.S.C. § 104(b).

Defendant had direct access to the copyrighted work following its documented submission to Defendant's Redmond headquarters.

As demonstrated in the Evidence Matrix, Defendant unlawfully copied, distributed, and created derivative works based upon Plaintiff's protected architectural blueprints to develop the HoloLens and IVAS ecosystems. Defendant's unauthorized reproduction and commercialization of Plaintiff's architectural designs and technical documentation constitute a willful and massive violation of Plaintiff's international copyrights. Defendant's infringement was and remains willful, deliberate, and commercially motivated, causing substantial and ongoing financial damage to Plaintiff.

COUNT II: MISAPPROPRIATION OF TRADE SECRETS (Defend Trade Secrets Act, 18 U.S.C. § 1836)

33.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. The technical specifications, tethered compute paradigms (XBAG), and spatial mapping flowcharts contained within the dossier constitute protected trade secrets that derive independent economic value from not being generally known to the public.

Defendant misappropriated protected trade secrets through improper means, incorporating them into its corporate and military divisions (IVAS) without consent.

Defendant acquired these trade secrets through the receipt of Plaintiff's confidential submission and subsequently misappropriated them without authorization for global commercial and military exploitation.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87    julienborde3d@hotmail.fr

15

Defendant's actions constitute a bad-faith misappropriation of Plaintiff's proprietary innovations, resulting in billions of dollars in unjust enrichment at Plaintiff's expense.

COUNT III: CORRECTION OF INVENTORSHIP (35 U.S.C. § 256)

34.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. Defendant has omitted Plaintiff as the true and original inventor or co-inventor of key technological patents related to the AR/VR systems described herein.

Through the direct misappropriation detailed in Section V(B), Defendant filed multiple patents claiming Plaintiff's specific innovations as its own.

Pursuant to 35 U.S.C. § 256, Plaintiff is the true, original, and prior inventor of the core claims set forth in US Patent 9,606,629; US Patent 11,675,996; US Patent 10,547,974; and US Patent 10,089,072.

The omission of Plaintiff as a named inventor on these patents was caused by Defendant's unauthorized appropriation. Plaintiff seeks a court order directing the USPTO to correct the inventorship records.

COUNT IV: FALSE DESIGNATION OF ORIGIN / REVERSE PASSING OFF

(Lanham Act, 15 U.S.C. § 1125(a))

35.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. The visual architecture, interface flowcharts, and tethered computing design elements contained in Plaintiff's R&D dossier possess distinct, recognizable origins directly tied to Plaintiff's registered intellectual property.

Defendant falsely presented Plaintiff's technologies as its own original creation to the public, investors, and OEM partners.

By meticulously replicating Plaintiff's unique architectural designs and visual parameters for the HoloLens and IVAS systems, and by subsequently presenting, marketing, and patenting these identical concepts solely under the "Microsoft" brand without any attribution to Plaintiff, Defendant engaged in "reverse passing off."

Defendant's deliberate misrepresentation of the origin of these spatial computing technologies constitutes a false designation of origin that has caused, and continues to cause, severe commercial injury to Plaintiff in violation of 15 U.S.C. § 1125(a).

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87    julienborde3d@hotmail.fr

16

For a detailed understanding and comprehensive legal analysis of the application of this "Reverse Passing Off" claim within the factual and visual circumstances of this case, Plaintiff expressly refers the Court to the expert analysis contained in Exhibit H (Legal Memorandum by CIRCLE LAW), which formally corroborates the foundations of this structural infringement.

COUNT V: UNFAIR COMPETITION UNDER WASHINGTON STATE LAW (RCW 19.86)

36.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. Under the supplemental jurisdiction of this Court (28 U.S.C. § 1367), Plaintiff asserts that Defendant's conduct constitutes unfair competition under Washington common law and the Washington Consumer Protection Act (RCW 19.86).

Defendant, possessing overwhelming market dominance and resources, engaged in unfair, deceptive, and unethical business practices by soliciting or receiving independent intellectual property, systematically reverse-engineering its core concepts, and deploying it into the stream of commerce to destroy the original inventor's potential market entry.

This bad-faith misappropriation offends public policy, is immoral and oppressive, and has caused substantial injury to Plaintiff's business and property interests within the State of Washington and globally. The validity of this asymmetric unfair competition claim is formally documented and corroborated by the legal expertise provided in Exhibit H (Legal Memorandum by CIRCLE LAW), attached and incorporated herein.

COUNT VI: CONTRIBUTORY AND VICARIOUS INFRINGEMENT

37.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. Defendant materially contributed to, and profited from, the infringement of Plaintiff's intellectual property by third-party partners and hardware manufacturers (OEMs and Meta).

COUNT VII: UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST

38.    Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs. Defendant has been unjustly enriched by billions of dollars through Department of Defense contracts (IVAS), enterprise sales, and consumer partnerships (Meta/Xbox) built exclusively upon Plaintiff's

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

17

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87   julienborde3d@hotmail.fr

foundational architecture.

It is against equity and good conscience to permit Defendant to retain these illicitly obtained profits.

Plaintiff seeks a constructive trust on all profits derived from the infringing technologies.

SPECIFIC ALLEGATION REGARDING PRIOR NOTICE (EXHIBIT E):

39.    Plaintiff's demands for a Running Royalty and Co-Inventorship are not new.

As evidenced by EXHIBIT E (declaration to Hon Judge Haydee Vargas 2025), Plaintiff explicitly notified

the State Court and Defendant of these specific remedial necessities prior to dismissal, specifically warning

of the expansion into the Meta/Xbox ecosystem.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendant

Microsoft Corporation and grant the following relief:

A. Declaratory Judgment: That Defendant has willfully infringed Plaintiff's Copyrights and misappropriated

his Trade Secrets.

B. Damages: An award of compensatory damages in the total amount of $750,000,000.00 representing:

$600,000,000.00 for Base Compensatory Damages. This amount covers the foundational misappropriation

of the R&D Dossier and its massive industrial exploitation (HoloLens and IVAS military contracts)

from 2015 up to the initiation of the active litigation (Borde v. Microsoft, Case No. 24-2-23088-2 SEA

filed before the King County Superior Court in 2024).

(See EXHIBIT A).

$150,000,000.00 for Supplemental Market Expansion, arising from new infringing events executed

in bad faith by Defendant while the initial case was being actively litigated before the Honorable Judge Haydee

Vargas. This arrogant expansion into the consumer sector, via the Meta Quest 3S / Xbox Cloud Gaming

partnership, was formally reported to the State Court prior to its dismissal, demonstrating Defendant's

continuous disregard for the pending legal proceedings.

(See EXHIBIT E).

C. Prospective Ongoing Royalties and Ecosystem Revenues (1% FRAND Rate):

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tel +33.7.44.15.61.87   julienborde3d@hotmail.fr

18

The establishment of a mandatory 1% FRAND (Fair, Reasonable, and Non-Discriminatory) running royalty on one hundred percent (100%) of all Gross Receipts generated globally by the entire infringing ecosystem, commencing exactly on January 1, 2027, and continuing in perpetuity. Plaintiff expressly waives and discharges any claim for retroactive royalties for the period up to and including December 31, 2026, as such past exploitation is fully encompassed and satisfied by the $750,000,000.00 compensatory lump sum demanded in section B.

For the purposes of this Order, "Gross Receipts" shall be defined as all monies actually received by or credited to Defendant from the exploitation of the infringing properties, without any deductions whatsoever for production, distribution, marketing, or administrative expenses.

This prospective royalty obligation shall apply strictly across any and all media, platforms, formats, and distribution channels, whether currently known or hereafter devised, including but not limited to: (1) direct hardware sales (HoloLens, IVAS, and Meta Quest 3S co-developments), (2) operating system licensing (Windows Holographic / AR Windows), and (3) platform revenues (software commissions, mixed reality video games, and Xbox Cloud Gaming subscriptions) that rely upon and exploit Plaintiff's foundational architecture.

D. Correction of Inventorship (35 U.S.C. § 256): An Order directing the Director of the United States Patent and Trademark Office (USPTO) to issue a Certificate of Correction adding Julien Borde as a named joint inventor on the following Microsoft Patents:

US Patent 9,606,629 (Hand Gesture Control / Air Tap)

US Patent 11,675,996 (The "Dead Bot" / Chatbot System)

US Patent 10,547,974 (Spatial Mapping)

US Patent 10,089,072 (Digital Assistant in Mixed Reality)

E. Injunctive Relief: A permanent injunction enjoining Defendant, its officers, and all persons acting in concert with them, from further utilizing Plaintiff's IP in HoloLens and IVAS, and the seizure and impoundment of all infringing materials.

F. Costs: An award of all costs and Attorneys' Fees associated with this action.

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
Tel +33.7.44.15.61.87   julienborde3d@hotmail.fr

19

**VIII. JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

IX. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay,or needlessly increase the cost of litigation;

(2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.

I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: April 8, 2026

Respectfully submitted,

/s/ Julien Borde

Julien Borde,

Plaintiff, Pro Se 51, chemin des îles,

Les Canardières 91250 Morsang-sur-Seine,

France (Country)

TEL: +33.7.44.15.61.87

EMAIL: julienborde3d@hotmail.fr

JULIEN BORDE "WE ARE FUTURE"
COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND MISAPPROPRIATION
Case No.: [TO BE ASSIGNED BY CLERK].

Julien Borde we are future
51, chemin des iles, les canardieres
91250 Morsang sur seine France
TEL +33.7.44.15.61.87    julienborde3d@hotmail.fr

20